119 A.3d 904

IN THE MATTER OF DAVID ELDON FRETZ, AN ATTORNEY AT LAW (ATTORNEY NO. 055161992).

July 29, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–249, concluding that as a matter of reciprocal

discipline pursuant to *Rule* 1:20–14(a)(4), **DAVID ELDON FRETZ** of **WILLIAMSVILLE, NEW YORK,** who was admitted to the bar of this State in 1992, and whose license to practice law in New Jersey was administratively revoked pursuant to *Rule* 1:28–2(c), effective September 24, 2007, should be barred from readmission to practice in New Jersey for a period of one year and from *pro hac vice* admission, based on discipline imposed in New York for conduct that in New Jersey violates *RPC* 1.1(a) (gross negligence), *RPC* 1.15 (safekeeping property), *Rule* 1:21–6 (recordkeeping violations), *RPC* 1.16(d) (failure to refund fee on termination of representation), *RPC* 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having determined that because respondent's license to practice in this State has been administratively revoked, if respondent applies for readmission to the bar of this State, his readmission should be withheld for a period of one year and he should be barred from applying for admission *pro hac vice* in New Jersey until further Order of the Court;

And good cause appearing;

It is ORDERED that **DAVID ELDON FRETZ** shall not be admitted to appear *pro hac vice* before any New Jersey Court or tribunal until further Order of this Court; and it is further

ORDERED that **DAVID ELDON FRETZ** shall not apply for readmission or be readmitted to practice in New Jersey unless and until he is reinstated to practice in New York; and it is further

ORDERED that if **DAVID ELDON FRETZ** applies for readmission to the bar of this State, his readmission shall be withheld for a period of one year and until further Order of this Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.